Elena GUZMAN DE CASTANEDA,
Plaintiff—Appellant,

v.

Stephen L. FICKETT, District Director, Phoenix Arizona, Bureau of Citizenship and Immigration Services; Department of Homeland Security; Robert P. Wiemann, Director, Administrative Appeals Office, Bureau of Citizenship and Immigration Services, Department of Homeland Security, Defendants—Appellees.

No. 06–15407.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 21, 2007.

Marshall G. Whitehead, Esq., Phoenix, AZ, for Plaintiff–Appellant.

Cynthia M. Parsons, Office of The U.S. Attorney, Phoenix, AZ, for Defendants–Appellees.

Before: B. FLETCHER, BERZON, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Appellant Elena Guzman de Castaneda (Guzman) appeals the district court's dismissal of her case as moot. Guzman's appeal has merit.

Guzman's contention that 8 U.S.C. § 1182(a)(9)(A)(ii) did not render her inad-

missible and that she therefore should not have been required to file an Application for Permission to Reapply for Admission Into the United States After Deportation or Removal (Form I–212) prior to applying for adjustment of status constitutes a "present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon,* 849 F.2d 1241, 1244 (9th Cir.1988). The gist of Guzman's action was consistent: she sought to overturn the denial of her Application for Permission to Reapply, which prevents her from applying for adjustment of status. Whether that is accomplished by a ruling that § 1182(a)(9)(A) does not apply or a reversal on the merits regarding the application of § 1182(a)(9)(A)(ii) to her case, "effective relief could be granted." *Id.* If the district court was dissatisfied with the state of Guzman's pleadings, leave to amend should have been allowed under Rule 15(a) of the Federal Rules of Civil Procedure. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (noting that this Court has "repeatedly stressed that the court must remain guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities") (citation, alteration and internal quotation marks omitted).

We decline to address the government's argument regarding sufficiency of service of process and direct the district court to resolve this issue on remand. *See S.J. v. Issaquah School Dist. No. 411,* 470 F.3d 1288, 1293 (9th Cir.2006).

**REVERSED** and **REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.